IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALIL K. HAMMOND, | ) |
| Plaintiff, | ) 2:23-cv-1151 |
| v. | ) |
| SUPERINTENDENT MICHAEL ZAKEN, DEPUTY STEPHEN BUZAZ, DEPUTY MARK DIALESANDRO, CAPTAIN KENNEDY, MAJOR SWITZER, CAPTAIN HINTEMEYER, LIEUTENANT JUAREZ, CO-1 FERGUSON, CO-1 STEWART, SECRETARY JOHN E. WETZEL, JOHN/JANE DOES 1-3, | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Magistrate Judge Eddy's Report and Recommendation (ECF 45), recommending that Mr. Hammond's motion for preliminary injunction (ECF 34) be summarily denied. Mr. Hammond, proceeding *pro se*, has filed objections to the R&R (ECF 50). The Court has carefully considered the record—including Mr. Hammond's motion, the R&R, and Mr. Hammond's objections—and has reviewed *de novo* the R&R and Mr. Hammond's objections. *See* 28 U.S.C. § 636(b)(1).

After a *de novo* review, the Court agrees with Magistrate Judge Eddy's ultimate conclusion to deny the preliminary-injunction motion, but for different reasons than those set forth in the R&R.

Magistrate Judge Eddy based her recommendation in large part on the fact that Mr. Hammond's motion "might be perceived as speaking in some way to the ultimate issues in this case." ECF 45, p. 5. Specifically, she found that "[t]he ultimate issues regarding [Mr. Hammond's] claims for deliberate indifference to serious

medical needs under the Eighth Amendment, and his procedural and substantive due process claims under the Fourteenth Amendment for his placement on the RRL and in the RHU will be decided either by the Court upon consideration of Defendants' pending motion to dismiss, a subsequent motion for summary judgment, or at trial." *Id.* at 5-6 (cleaned up). As a result, she recommended that "the Court should refrain from" getting into the merits and "prematurely granting" Mr. Hammond's requested relief in the form of an injunction. *Id.* at 5.

Mr. Hammond objected to this conclusion because a motion for a preliminary injunction necessarily requires the Court to assess the merits of the case, at least to a degree. ECF 50, pp. 2-3. The Court agrees with him on that point.

As noted in the R&R, a party seeking a preliminary injunction "must demonstrate both a reasonable likelihood of success **on the merits** and that he will be irreparably harmed if the requested relief is not granted." ECF 45, pp. 3-4 (emphasis added) (citing *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998)). But the R&R doesn't engage in that analysis—instead, it rests on the fact that future proceedings will resolve the merits. More engagement with Mr. Hammond's motion is needed, especially considering other courts have granted preliminary injunctions based on prolonged detention in solitary confinement. *E.g.*, *Johnson v. Wetzel*, 209 F. Supp. 3d 766, 782 (M.D. Pa. 2016) (granting preliminary injunction for defendant who spent 36 years in solitary confinement).

That said, the Court must still deny the motion because Mr. Hammond hasn't shown that he will suffer irreparable harm if his motion is denied. That's because Mr. Hammond requested injunctive relief based on harm "caused by" prolonged "solitary confinement" in the RHU and placement on the prison's "Restricted Release List." ECF 34, p. 1. But Defendants represent that Mr. Hammond isn't being detained in solitary confinement in the RHU, as he is housed in the Intermediate Management Unit of SCI-Phoenix. ECF 40, p. 2, n.1. As part of the briefing on the

motion and in his objections, Mr. Hammond does not address his change of status, or explain whether his transfer to an Intermediate Management Unit has altered his conditions of confinement. Thus, because the motion was predicated on Mr. Hammond being in solitary confinement in the RHU, where he no longer resides, and doesn't present additional information on the IMU, Mr. Hammond has not established irreparable harm of prolonged solitary confinement, and the Court must deny his motion. See *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 523 (3d Cir. 1994).[1]

Accordingly, the Court adopts Magistrate Judge Eddy's Report and Recommendation (ECF 45) as to its ultimate conclusion to deny the motion, overrules Mr. Hammond's objections (ECF 50), and **DENIES** Mr. Hammond's motion for preliminary injunction (ECF 34) without prejudice.

DATED: April 26, 2024

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
Khalil K. Hammond
KC9993
SCI-Phoneix
1200 Mokychic Drive
Collegeville, PA 19426

---

[1] In his objections, Mr. Hammond also requests that he be granted leave to amend his motion. ECF 50, p. 1. The Court declines to grant leave, given, procedurally, where things stand. That said, the denial of Mr. Hammond's motion is without prejudice to Mr. Hammond filing a new preliminary-injunction motion, where he must make a better record as to his current conditions of confinement.