IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHALIL K. HAMMOND, <br><br> Plaintiff, <br><br> v. <br><br> SUPERINTENDENT MICHAEL ZAKEN, DEPUTY STEPHEN BUZAZ, DEPUTY MARK DIALESANDRO, CAPTAIN KENNEDY, MAJOR SWITZER, CAPTAIN HINTEMEYER, LIEUTENANT JUAREZ, CO-1 FERGUSON, CO-1 STEWART, SECRETARY JOHN E. WETZEL, JOHN/JANE DOES 1-3, <br><br> Defendants. | 2:23-cv-1151 |

## ORDER

Before the Court is Chief Magistrate Judge Lanzillo's Report and Recommendation (ECF 55) addressing Defendants' partial motion to dismiss (ECF 23) Mr. Hammond's complaint (ECF 10). Magistrate Judge Lanzillo recommended that the motion to dismiss be granted and denied in part, and also provided leave to amend for certain of the claims. Mr. Hammond, proceeding *pro se*, filed objections to the recommendations of dismissal without leave to amend. ECF 56. The Court has carefully considered the record—including the complaint, the R&R, and Mr. Hammond's objections—and has reviewed *de novo t*he R&R and Mr. Hammond's objections. *See* 28 U.S.C. § 636(b)(1).

After a *de novo* review, the Court agrees with the portions of the R&R that recommend denying Defendants' motion or granting it with leave for Mr. Hammond to amend. Moreover, Mr. Hammond did not object to those portions. ECF 56, p. 1 ("Plaintiff has no objection to portions of the complaint dismissed without

prejudice[.]"). So the Court adopts those portions of the R&R as the opinion of the Court without alteration.

As to the portions that recommend dismissal with prejudice—specifically at Counts VI and VIII—the Court agrees with some and disagrees with others, and sustains some of Mr. Hammond's objections.

## I. Count VI.

Mr. Hammond asserts several claims for substantive and procedural due-process violations under the Fourteenth Amendment. The Court addresses each in turn.

### A. Due-process claim against Defendants Hintemeyer, Buzas, and Zaken.

Mr. Hammond alleges that Defendants Hintemeyer, Buzas, and Zaken failed "to investigate [his] sexual harassment claims against Defendant Juarez or failed to properly process his claim . . . in order to downplay or cover up what happened." ECF 10, ¶ 129. The R&R recommends dismissing this claim with prejudice because prisoners do not have a Fourteenth Amendment right to a grievance process. ECF 55, p. 11. Mr. Hammond objects to this conclusion.

The Court agrees with the recommendation. "Access to prison grievance procedures is not a constitutionally-mandated right. Therefore any allegations of improprieties in the handling of his grievance do not state a cognizable claim under § 1983." *Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014) (cleaned up and collecting cases). For this reason, the Court overrules Mr. Hammond's objection.

### B. Due-process claims against Defendants Wetzel and Does 1-3.

Mr. Hammond alleges that Defendants Wetzel and Does 1-3 violated his substantive and procedural due process rights for his initial and continued placement on RRL status "without ever providing him the opportunity to refute the allegations against him or appeal said status." ECF 10, ¶ 130. The R&R recommends dismissing

the substantive due-process element of Mr. Hammond's claim with prejudice, and the procedural due-process element without prejudice. The Court agrees with both recommendations.

Mr. Hammond challenges his prolonged placement on RRL status and the deprivation of resources because of that status. But a challenge to "prolonged solitary confinement" itself "regardless of the fairness of the procedures used to implement" is properly brought under the Eighth Amendment, not the Fourteenth Amendment. *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020) (cleaned up). Indeed, Mr. Hammond makes the same claim at Count IV against these Defendants for deliberate indifference under the Eighth Amendment. ECF 10, ¶ 123. Accordingly, the Court overrules Mr. Hammond's objection and adopts the recommendation.

As to the procedural element of the claim, regarding Mr. Hammond's inability to challenge his prolonged RRL status, the R&R recommends granting Defendants' motion to dismiss without prejudice and with leave to amend, so Mr. Hammond can provide additional facts about the reason for and duration of his confinement. ECF 55, p. 14. Mr. Hammond does not object to this recommendation, and the Court agrees with it.

C. *Sua sponte* **dismissal of four additional due-process claims.**

Judge Lanzillo also recommends the *sua sponte* dismissal of four additional due-process claims under the "more-specific-provision rule." ECF 55, p. 14 n.7.[1] This

---

[1] The Court must screen a complaint by a prisoner seeking redress from a governmental entity, officer, or employee and dismiss any claims *sua sponte* that fail to state a claim on which relief can be granted under 28 U.S.C. § 1915A. *Burkes v. Tranquilli*, No. 08-474, 2008 WL 2682606, at *2 (W.D. Pa. July 2, 2008) (Fischer, J.). "The court's obligation is not excused even if the defendants have filed a motion to dismiss." *Id.* Mr. Hammond says that dismissing these claims would "undermin[e]" the initial screening by now-retired Magistrate Judge Eddy, the previous magistrate judge on his case. ECF 56, p. 4. But the docket doesn't reflect that Magistrate Judge Eddy screened the complaint in the first instance.

rule "holds that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Wharton v. Danberg*, 854 F.3d 234, 246 (3d Cir. 2017) (cleaned up). Mr. Hammond objects to each recommendation. ECF 56, p. 3. The Court sustains his objection in part, and addresses each of the four claims.

At paragraph 131 of the complaint, Mr. Hammond alleges that Defendants Wetzel and Does 1-3 denied him access to mental health programming due to his RRL status in violation of the Fourteenth Amendment. The R&R recommends that this claim be dismissed because it is more properly brought under the Eighth Amendment and covered by Mr. Hammond's claim at Count IV. ECF 55, p. 14 n.7. Mr. Hammond objects to dismissal because he intends his claim to allege discrimination and "targeted mistreatment." ECF 56, p. 3. In other words, Mr. Hammond styles this claim as one for a violation of equal-protection principles based on his RRL status.

That's a fair distinction, but it doesn't save his claim. To state an equal-protection violation, Mr. Hammond must allege that "he has been arbitrarily treated differently from similarly situated inmates" in all relevant respects. *McKeithan v. Kerestes*, No. 11-1441, 2014 WL 3734569, at *10 (M.D. Pa. July 28, 2014). But the complaint doesn't provide any such comparisons. Indeed, courts generally hold that inmates housed in different units are not "similarly situated" for purposes of equal protection. *Thomas v. Duvall*, No. 16-451, 2017 WL 9532987, at *10 (M.D. Pa. Mar. 1, 2017) (collecting cases), *report and recommendation adopted*, No. 16-451, 2017 WL 2928153 (M.D. Pa. July 10, 2017).

Thus, the Court overrules Mr. Hammond's objection and dismisses his equal protection allegation, but with leave to amend to provide additional facts showing

that he was arbitrarily deprived mental health resources compared to similarly situated inmates.

At paragraph 132 of the complaint, Mr. Hammond alleges that Defendant Ferguson violated his Fourteenth Amendment rights "when he attacked him." ECF 10, ¶ 132. This claim is a re-articulation of his claim at Count II for violation of his Eighth Amendment right to be free from cruel and unusual punishment. ECF 55, p. 14 n.7. So the Court overrules the objection.

At paragraph 133 of the complaint, Mr. Hammond alleges that Defendant Juarez violated his due-process rights when Defendant Juarez subjected him to an unlawful strip search. ECF 10, ¶ 133. The R&R says that this claim is covered by Mr. Hammond's claim at Count I for First Amendment retaliation. ECF 10, ¶ 110 (Defendant Juarez "implemented methods of retaliation against him for utilizing said speech to make complaints against staff"); ECF 55, p. 14 n.7. The Court respectfully disagrees with that recommendation. A claim for an unlawful strip search is properly brought under the Eighth Amendment. *Parkell v. Danberg*, 833 F.3d 313, 336 (3d Cir. 2016) ("A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate[.]" (quoting *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (per curiam))). The Court sustains Mr. Hammond's objection to this claim, and concludes that under the liberal pleading standard for *pro se* petitioners, he has adequately stated a claim under the Eighth Amendment.

Lastly, at paragraph 134 of the complaint, Mr. Hammond alleges that Defendants Zaken, Buzas, Dialesandro, Hintemeyer, Switzer, and Kennedy ignored his requests that they contact the state police to pursue criminal charges against Defendant Ferguson. ECF 10, ¶ 134. The R&R recommends dismissal because this claim is covered by Mr. Hammond's claims at Counts I, II, or IV, but the Court doesn't see this claim represented in those counts. ECF 55, p. 14 n.7. That said, the Court

adopts the recommendation because Mr. Hammond doesn't have a Fourteenth Amendment right to file criminal charges against Defendant Ferguson. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

## II. Count VIII.

Mr. Hammond brings three claims for intentional infliction of emotional distress at Count VIII. As to the claim against Defendants Wetzel and Does 1-3, the R&R recommends dismissal without prejudice and with leave to amend. ECF 55, p. 17. Mr. Hammond does not object, and so the Court adopts that recommendation. As to the claim against Defendants Juarez and Ferguson, the R&R recommends that the motion be denied, and the Court agrees with that, too. ECF 55, pp. 17-18.

As to the claim against Defendants Buzas, Zaken, Dialesandro, Hintemeyer, and Stewart, the R&R recommends that the motion be granted and Mr. Hammond's claim be dismissed with prejudice. *Id.* at 17. The Court agrees with dismissal, but without prejudice. The Court cannot say that Mr. Hammond would be unable to allege additional facts to show that Defendants' conduct rises to the requisite level of outrageousness to sustain an IIED claim. *E.g., Moyer v. Lebanon Cnty.*, No. 16-1424, 2017 WL 6989168, at *5 (M.D. Pa. Dec. 28, 2017), *report and recommendation adopted*, No. 16-1424, 2018 WL 472444 (M.D. Pa. Jan. 18, 2018); *cf. Fox v. Lackawanna Cnty.*, No. 16-1511, 2017 WL 5007905, at *11 (M.D. Pa. Nov. 2, 2017) (denying motion to strike punitive damages where allegations of a cover-up of sexual abuse in state prison could be "shown to be motivated by evil motive or intent" or "involve[d] reckless or callous indifference" to plaintiff's rights (cleaned up)).

\* \* \*

Accordingly, the Court adopts Chief Magistrate Judge Lanzillo's Report and Recommendation (ECF 55), with the modifications outlined above. To summarize the adopted R&R and the modifications in this order:

| **Count** | **Defendants** | **R&R's recommendation** | **Court's ruling** |
|---|---|---|---|
| Count I: First Amendment Retaliation | Ferguson and Juarez | N/A | Defendants did not move to dismiss; this claim **PROCEEDS**. |
| Count II: Eighth Amendment claim for excessive force | Ferguson | N/A | Defendants did not move to dismiss; this claim **PROCEEDS**. |
| Count III: Eighth Amendment claim for failure to train and supervise Defendant Ferguson | Zaken, Buzas, Dialesandro, Kennedy, Hintemeyer, and Juarez | Motion to dismiss should be denied. | The Court adopts this recommendation. This claim **PROCEEDS**. |
| Count IV: Eighth Amendment claim for deliberate indifference | Wetzel and Does 1-3 | Motion to dismiss should be granted without prejudice and with leave to amend. | The Court adopts this recommendation. This claim is **DISMISSED** without prejudice. Mr. Hammond may amend this claim. |
| Count V: Eighth Amendment claim for failure to protect | Stewart | N/A | Defendants did not move to dismiss; this claim **PROCEEDS**. |

| Count | Defendants | R&R's recommendation | Court's ruling |
|---|---|---|---|
| Count VI: Fourteenth Amendment claim for violation of procedural and substantive due process | Hintemeyer, Buzas, and Zaken | Motion to dismiss should be granted with prejudice. | The Court adopts this recommendation. This claim is **DISMISSED** with prejudice and without leave to amend. |
| | Wetzel and Does 1-3 (Complaint, ¶ 130) | Motion to dismiss should be granted, with prejudice as to the substantive due-process claim, and without prejudice and with leave to amend as to the procedural due-process claim. | The Court adopts this recommendation. This claim is **DISMISSED**. Mr. Hammond may amend his complaint as to the procedural due-process claim only. |
| Count VI: Fourteenth Amendment violation for denial of access to mental health programming | Wetzel and Does 1-3 (Complaint, ¶ 131) | *Sua sponte* dismissal of claim. | The Court construes the claim as one for violation of equal protection and **DISMISSES** it without prejudice. Mr. Hammond may amend this claim. |
| Count VI: Fourteenth Amendment violation regarding attack against Mr. Hammond | Ferguson (Complaint, ¶ 132) | *Sua sponte* dismissal of claim because it is a rearticulation of the claim at Count II under the Eighth Amendment. | The Court adopts this recommendation. This claim is **DISMISSED** with prejudice. |
| Count VI: Fourteenth Amendment violation regarding unlawful strip search | Juarez (Complaint, ¶ 133) | *Sua sponte* dismissal of claim because it is a rearticulation of the claim at Count I for First Amendment retaliation. | The Court construes this claim as one for an unlawful strip search under the Eighth Amendment. This claim **PROCEEDS**. |

| Count | Defendants | R&R's recommendation | Court's ruling |
|---|---|---|---|
| Count VI: Fourteenth Amendment violation regarding failure to contact authorities | Zaken, Buzas, Dialesandro, Hintemeyer, Switzer, and Kennedy (Complaint, ¶ 134) | *Sua sponte* dismissal of claim for failure to contact state police so Mr. Hammond could press charges. | The Court adopts this recommendation. This claim is **DISMISSED** with prejudice. |
| Count VII: Assault and battery under Pennsylvania tort law | Ferguson | N/A | Defendants did not move to dismiss; this claim **PROCEEDS**. |
| Count VIII: IIED under Pennsylvania tort law | Wetzel and Does 1-3 | Motion to dismiss should be granted without prejudice. | The Court adopts this recommendation. This claim is **DISMISSED** without prejudice. Mr. Hammond may amend this claim. |
| | Ferguson and Juarez | Motion to dismiss should be denied. | The Court adopts this recommendation. This claim **PROCEEDS**. |
| | Stewart, Hintemeyer, Zaken, Buzas, and Dialesandro | Motion to dismiss should be granted with prejudice. | The Court adopts this recommendation, but dismissal is without prejudice. This claim is **DISMISSED**. Mr. Hammond may amend this claim. |
| Count IX: Conspiracy | Ferguson and Stewart | Motion to dismiss should be denied. | The Court adopts this recommendation. This claim **PROCEEDS**. |
| | Wetzel, Juarez, Hintemeyer, Zaken, Buzas, Dialesandro, Kennedy, and Switzer | Motion to dismiss should be granted without prejudice. | The Court adopts this recommendation. This claim is **DISMISSED**. Mr. Hammond may amend this claim. |

| Count | Defendants | R&R's recommendation | Court's ruling |
|---|---|---|---|
| Count X: Negligence | All Defendants | Motion to dismiss should be granted without prejudice. | The Court adopts this recommendation. This claim is **DISMISSED**. Mr. Hammond may amend this claim. |

In sum, the Court **GRANTS** Defendants' motion to dismiss in part and **DENIES** it in part, and sustains Mr. Hammond's objections in part.

For the claims to which Mr. Hammond has leave to amend, he must file an amended complaint on or before **September 3, 2024.** If no amended complaint is filed by then, then the Court will convert any dismissals into dismissals with prejudice.

DATED: July 31, 2024

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
Khalil K. Hammond
KC9993
SCI-Phoenix
1200 Mokychic Drive
Collegeville, PA 19426